**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0843-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL LASANE,

    Defendant-Appellant.

_____

Submitted September 22, 2021 – Decided October 8, 2021

Before Judges Fuentes and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 06-02-0365.

Michael Lasane, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

In this appeal, defendant Michael Lasane challenges the denials of his latest attempt to reverse his conviction. We affirm.

More than two decades ago, defendant pleaded guilty to felony murder, N.J.S.A. 2C:11-3(a)(3), and was sentenced to life imprisonment subject to thirty years of parole ineligibility. We affirmed the conviction and sentence. See State v. Lasane, 371 N.J. Super. 151, 154-55 (App. Div. 2004). In the appeal of defendant's first PCR-petition denial, we reversed and allowed defendant to withdraw his guilty plea. Id. at 166. Defendant withdrew his guilty plea. A jury subsequently convicted him of first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree kidnapping, N.J.S.A. 2C:13-1(b); first-degree robbery, N.J.S.A. 2C:15-1(a) and (b); and first-degree carjacking, N.J.S.A. 2C:15-2(a). See State v. Lasane, No. A-5242-06 (App. Div. Jan. 8, 2010). On appeal, we affirmed the conviction and remanded for entry of an amended judgment of conviction with a modified sentence. Id. We affirmed the denial of defendant's subsequent PCR petitions. State v. Lasane, Nos. A-1872-11, A-1418-12 (App. Div. Dec. 13, 2013); State v. Lasane, No. A-0592-14 (App. Div. Sept. 28, 2016).

This appeal involves defendant's motion for a new trial, which defendant based on purportedly newly-discovered evidence. On July 17, 2017, Judge

A-0843-19

Wendel E. Daniels issued an order denying the motion and supported the order with a written decision. Defendant moved for reconsideration of the denial of the motion for a new trial; Judge Daniels denied the reconsideration motion for reasons set forth in a written decision. This appeal followed, in which defendant raises these issues for our review:

POINT I
THE PCR COURT ERRED IN DENYING APPELLANT'S PETITION FOR A NEW TRIAL WHERE IT APPLIED THE WRONG LEGAL STANDARD TO THE APPELLANT'S CLAIMS OF JUROR IMPROPRIETY.

POINT II
THE LOWER COURT'S FINDING THAT JUROR # 10'S SISTER WAS NOT A DE FACTO STATE WITNESS IS NOT BASED ON SUBSTANTIAL EVIDENCE IN THE RECORD, AND AN EVIDENTIARY HEARING IS WARRANTED.

POINT III
THE LOWER COURT FAILED TO MAKE FINDINGS OF FACT CONCERNING APPELLANT'S CLAIM THAT JUROR # 10 MISLED THE TRIAL COURT CONCERNING HIS SISTER'S PERSONAL ACQUAINTANCE WITH APPELLANT, AN EVIDENTIARY HEARING IS WARRANTED.

POINT IV
THE LOWER COURT FAILED TO CONSIDER THE CLAIMS ADVANCED IN APPELLANT'S MOTION FOR RECONSIDERATION UNDER THE CORRECT LEGAL STANDARD, APPELLANT HAS

3

SUBMITTED EVIDENCE WHICH WARRANTS A NEW TRIAL OR AN EVIDENTIARY HEARING.

    A. THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A TRIAL BY AN IMPARTIAL JURY OF 12 PERSONS.

    B. JUROR # 10 WAS LEGALLY DISABLED FROM SERVING AS A PETIT JUROR DUE TO A DISQUALIFYING CRIMINAL HISTORY.

    C. THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF JUROR # 10'S FAILURE TO INFORM THE TRIAL COURT THAT HE KNEW THE DEFEND[ANT].

We affirm the orders denying defendant's motions for a new trial and reconsideration substantially for the reasons set forth in Judge Daniels's comprehensive, written decisions. In addition, we see no abuse of discretion in the denial of the reconsideration motion. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4